**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MAURA HEALY, JOHN LUONGO, SCOTT RIGGS *and all those similarly situated,*

*Plaintiffs,*

v.

VIVA ITALIA! LLC d/b/a VA BENE,

Registered Agent:
Richard E. Ripper
Viva Italia!, LLC
1875 S. Pyle Street
Kansas City, KS 66103

*Defendant.*

Case No.:

CLASS ACTION
COLLECTIVE ACTION

**<u>COMPLAINT</u>**

Maura Healy, John Luongo and Scott Riggs ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel and for their complaint against Viva Italia!, LLC d/b/a Va Bene ("Defendant" or "Va Bene"), hereby states and alleges as follows.

**PRELIMINARY STATEMENT**

1. Plaintiffs, on behalf of themselves and all others similarly situated, bring this action against Va Bene for unpaid minimum wage and overtime compensation and related penalties and damages.

2. Defendant's policies and practices deny minimum wages and overtime pay to servers/bartenders working at its restaurants. Defendant's failure to pay employees their earned

wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

3. Plaintiffs previously worked as servers/bartenders for Va Bene (identified *infra)* in the Prairie Village, Kansas area.

4. This lawsuit is brought as a hybrid collective and class action pursuant to 29 U.S.C. § 216(b) of the FLSA and Fed. R. Civ. P. 23.

**JURISDICTION AND VENUE**

5. This court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

6. The Court has supplemental jurisdiction over the Plaintiffs' state law unjust enrichment claim under 28 U.S.C. § 1367, because the state law claim is so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

7. This court has personal jurisdiction because Va Bene has been conducting business in Prairie Village, Kansas, and the Plaintiffs were employees working for Va Bene, within this judicial district.

8. The venue is proper in this court pursuant to 28 U.S.C. § 1391(b) inasmuch as the Va Bene conducts business and has substantial business contacts in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

9. At all times relevant to this action, the Plaintiffs were employed as servers/bartenders working for Va Bene.

10. Va Bene, is an Italian Eatery located at 8232 Mission Road, Prairie Village, Kansas 66208.

11. Upon information and belief, Va Bene is a d/b/a of Viva Italia!, LLC.

12. Viva Italia!, LLC, is a limited liability company authorized to do business is the state of Kansas.

13. The registered agent for Viva Italia!, LLC, is Richard E. Ripper, and the registered address is 1875 S. Pyle Street, Kansas City, KS 66103.

14. At all times relevant to this action, Va Bene was authorized to do business and was in fact, doing business in the state of Kansas.

15. Plaintiff, Maura Healy, worked at Va Bene, from approximately January 2021 until August 2021.

16. Plaintiff, John Luongo, worked at Va Bene from the time it opened until approximately April 2021.

17. Plaintiff, Scott Riggs, worked at Va Bene from approximately March 2020 until approximately September 2020.

18. At all times relevant to this action, Va Bene was the employer of Plaintiffs and all other similarly situated employees and is thus liable to Plaintiffs and all others similarly situated as an employer, joint employer, single employer, and/or otherwise, according to statutory and common law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

19. Plaintiffs bring Count I, the FLSA claim for servers/bartenders, as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and of the following class of persons:

> All servers/bartenders employed by Va Bene within three years of the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation at one-and-one-half times the minimum wage for all work performed in excess of 40 hours per week.

20. Plaintiffs bring Count II, a quantum meruit/unjust enrichment claim based on Kansas state law, as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class of persons:

> All servers/bartenders employed by Va Bene within three years of the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation at one-and-one-half times the minimum wage for all work performed in excess of 40 hours per week.

21. The class satisfies the numerosity standards in that the class numbers well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notices posted in the restaurant.

22. There are questions of fact and law common to the classes that predominate in any questions affecting individual members. The questions of law and fact common to the class arising from Va Bene's actions include, without limitation, the following:

a. Whether all class members were paid based on the "tip credit."

b. Whether Va Bene was entitled to take from class members' tips a credit against minimum wages for some or all of the hours worked by the class members.

c. Whether Va Bene recorded the amount of time spent performing non-tip-producing activities.

d. Whether Va Bene knew or had reason to know its policies and compensation practices were unlawful.

e. Whether Va Bene retained a benefit from such unlawful policies and compensation practices.

f. Whether Va Bene's conduct is and was considered a willful violation of the FLSA.

23. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper, as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

24. The Plaintiffs claims are typical of those of the class in that class members have been paid pursuant to the same compensation structure as the Plaintiffs and were subject to the same or similar unlawful practices as the Plaintiffs.

25. A class action is an appropriate method for the fair and efficient adjudication of this controversy. Va Bene has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Va Bene, and/or substantially impair or impede the ability of class members to protect their interests.

26. The Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiffs acting as class representatives and by their undersigned counsel, who have experience in employment and class action lawsuits.

27. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interests of efficiency and judicial economy.

28. The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

29. Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging Va Bene's FLSA violations. The number and identity of other plaintiffs yet to opt in and to consent to be party plaintiffs may be determined from the records of Va Bene, and potential class members may easily and quickly be notified of the pendency of this action.

30. To the extent required by law, notice will be provided to said individuals via first-class mail, electronic mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

**COUNT I - Violation of the Fair Labor Standards Act**
**(Brought Against Va Bene by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

31. Plaintiffs realleges the allegations as set forth above.

32. At all times relevant to this action, the Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

33. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34. Va Bene is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

35. At all times relevant to this action, Va Bene has been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all times relevant to this action, Va Bene has employed and/or continues to employ "employee[s]," including the named Plaintiffs and all similarly situated employees.

37. At all times relevant to this action, Va Bene has had gross operating revenue in excess of $500,000 (Five Hundred Thousand Dollars).

38. The Plaintiffs were employed by Va Bene. During this time frame, Plaintiffs performed work for Defendants in the position of server/bartender.

39. During the statutory period, the Plaintiffs were paid an hourly wage of $2.13.

40. Va Bene employed numerous other servers/bartenders who had the same job duties and compensation structure as did the Plaintiffs before and during their employment.

41. Plaintiffs and all similarly situated employees have substantially similar job requirements and pay provisions and are subject to Va Bene's common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

42. The FLSA requires employers, such as Va Bene, to pay all non-exempt employees overtime compensation at a rate of not less than one-and-one-half times the minimum wage for work performed over 40 hours in a workweek.

43. Plaintiffs and all similarly situated employees are not exempt from the right to receive the federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pays them minimum wage and/or overtime compensation under the FLSA.

44. At all times relevant to this action, Va Bene had a policy and practice of failing to properly pay minimum wages, and because Va Bene has violated the rules for using the tip credit,

including that it requires servers/bartenders to spend more than 20 percent of their time engaged in non-tip-producing activities. Va Bene has also had a policy of not paying for all overtime hours worked.

45. Additionally, for at least part of the statutory period, upon information and belief, Defendants failed to provide the proper notice, pursuant to 29 C.F.R. § 531.59, to its employees paid under the tip credit that would permit them to take a credit against the federal minimum wage requirements.

46. Va Bene's failure to properly compensate Plaintiffs and all similarly situated under the tip credit rules and overtime rules constitutes a violation of the FLSA's minimum wage requirements, 29 U.S.C. §201, *et. seq.*

47. Va Bene's violation of the FLSA is continual in nature in that Va Bene continues to pay its servers/bartenders under the same unlawful policies and procedures set forth in detail herein.

48. Va Bene's conduct constitutes a willful violation of the FLSA within 29 U.S.C. § 255(a).

49. Va Bene has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the court find Defendant did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50. As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation have been unlawfully withheld by Va Bene from Plaintiffs and all similarly situated employees. Accordingly, Plaintiffs and all others similarly situated seek damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, prejudgment and post-judgment interest, and reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the court deems just and proper.

**WHEREFORE**, Plaintiffs and all similarly situated employees demand judgment against Va Bene and pray this court:

a. Issue notice to all similarly situated employees of Va Bene informing them of their right to file a consent to join the FLSA portion of this action.

b. Award Plaintiffs and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b).

c. Award Plaintiffs and all similarly situated employees prejudgment and post-judgment interest as provided by law.

d. Award Plaintiffs and all similarly situated employees attorneys' fees and costs as allowed under 29 US.C. § 216(b).

e. Issue a declaration that Va Bene has violated state and federal laws.

f. Award Plaintiffs and all similarly situated employees such other relief as the court deems fair and equitable.

**COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT**
**(Brought Against Va Bene by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

51. Plaintiffs reallege and incorporate by reference each and every allegation and

averment set forth above as though fully set forth herein.

52. Va Bene has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Va Bene has been and is being enriched at the expense of Plaintiffs and other similarly situated employees because Plaintiffs and others were not properly compensated for their work.

53. Va Bene intentionally refused to pay Plaintiffs and other similarly situated employees at the proper rate for all hours worked. Va Bene knows or should know the proper rate of pay for Plaintiffs and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of the Va Bene.

54. It is unjust for Va Bene to retain the benefits from the unpaid work performed by Plaintiffs and other similarly situated employees.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed class members, pray for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members apprising them of the pendency of this action.

b. Designation of the named Plaintiffs, acting for and on behalf of the putative class members.

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same.

d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to Plaintiffs and the putative class by Defendants.

f. Costs and expenses of this action incurred herein.

g. Reasonable attorneys' fees and expert fees.

h. Prejudgment and post-judgment interest, as provided by law.

i. Any and all such other and further relief as this court deems necessary, just, and proper.

**DESIGNATION OF PLACE OF TRIAL**

The plaintiffs respectfully request that a trial in this matter be held at the Robert J. Dole Courthouse, 500 State Avenue, Kansas City, Kansas 66101.

HKM EMPLOYMENT ATTORNEYS LLP

/s/ *John J. Ziegelmeyer III*
John J. Ziegelmeyer III KS No. 23003
Brad K. Thoenen KS No. 24479
Kevin Todd KS No. 78998
1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
bthoenen@hkm.com
ktodd@hkm.com
www.hkm.com
ATTORNEYS FOR PLAINTIFF