# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAURA HEALY, JOHN LUONGO, SCOTT RIGGS, JESSICA COEN *and all those similarly situated,* | ) ) ) ) ) Case No.:   22-cv-02397 |
| *Plaintiffs,* | ) ) |
| v. | ) ) |
| VIVA ITALIA! LLC d/b/a VA BENE, BRGR PV, LLC, d/b/a BRGR KITCHEN + BAR, BRGR KCMO, LLC d/b/a/ BRGR KITCHEN + BAR, GRAM & DUN KC, LLC d/b/a GRAM & DUN, LOUIE'S WINE DIVE OF OVERLAND PARK LLC d/b/a/ LOUIE'S WINE DIVE, LOUIE'S WINE DIVE ST. LOUIS LLC, d/b/a LOUIE'S WINE DIVE, LOUIE'S WINE DIVE LLC, d/b/a/ LOUIE'S WINE DIVE, TACO VIDA LLC d/b/a TACO REPUBLIC, TACO REPUBLIC CORINTH, LLC d/b/a TACO REPUBLIC, THE LATIN KING RESTAURANT, LLC d/b/a THE LATIN KING, CHICKEN MARY'S RESTAURANT LLC d/b/a CHICKEN MARY'S, FRESKO LLC d/b/a FRESKO NATURAL FOOD, BREWTOP HOLDIGS LLC, BREWTOPS SOUTH KC LLC d/b/a THE BREWTOP, BREWTOPS NORTH KC LLC d/b/a THE BREWTOP and WHITNEY VINZANT | ) CLASS ACTION ) COLLECTIVE ACTION ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Defendants.* | ) ) ) ) ) |

## FIRST AMENDED COMPLAINT

Maura Healy, John Luongo, Scott Riggs and Jessica Coen ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel and for their complaint against Viva Italia! llc d/b/a Va Bene ("Va Bene"), BRGR PV, LLC, d/b/a BRGR Kitchen + Bar (BRGR KS), BRGR KCMO, LLC d/b/a/ BRGR Kitchen + Bar ("BRGR MO"), Gram & Dun KC, LLC d/b/a Gram & Dun ("Gram & Dun"), Louie's Wine Dive of Overland Park LLC d/b/a/ Louie's Wine Dive (Louie's KS), Louie's Wine Dive St. Louis LLC, d/b/a Louie's Wine Dive ("Louie's MO"), Louie's Wine Dive LLC, d/b/a/ Louie's Wine Dive ("Louie's IA"), Taco Vida LLC d/b/a Taco Republic ("Taco Republic KCK"), Taco Republic Corinth, LLC d/b/a Taco Republic ("Taco Republic PV), The Latin King Restaurant, LLC d/b/a The Latin King ("The Latin King"), Chicken Mary's Restaurant LLC d/b/a Chicken Mary's ("Chicken Mary's"), Fresko LLC d/b/a Fresko Natural Food ("Fresko"), Brewtop Holdigs LLC, Brewtops South KC LLC d/b/a The Brewtop ("Brewtop KS"), Brewtops North KC LLC d/b/a The Brewtop ("Brewtop MO") and Whitney Vinzant ("Vinzant"); (collectively, "Defendants" or "The Restaurant Group") for damages and other relief relating to violations of the Fair Labor Standards Act, §29 U.S.C. §201, *et seq.*, ("FLSA") for failing to pay minimum wage and overtime at one and one-half, the regular pay rate for all overtime hours worked within a workweek.  The plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. §216(b) on behalf of all similarly situated employees working as servers/bartenders for the Restaurant Group at their 14 restaurant locations in Kansas, Missouri and Iowa.  For putative class members who worked in Missouri, Plaintiffs also bring a class action claim pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all those similarly situated under Missouri's Minimum Wage Laws Mo. Rev. Stat. §290.500, *et seq.,* ("MMWL"). Likewise, for putative class members who worked in Iowa, Plaintiffs also bring a class action claim

2

pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all those similarly situated under Iowa Code §91D.1, *et seq*.

The following allegations are based on personal knowledge as to the experience of the Plaintiffs. They are made on information and belief as to the acts and experiences of others similarly situated.

## PRELIMINARY STATEMENT

1.     On behalf of themselves and all similarly situated, Plaintiffs bring this action against The Restaurant Group for unpaid minimum wage and overtime compensation and related penalties and damages.

2.     The Restaurant Group's policies and practices deny minimum wages and overtime pay to servers/bartenders working at its restaurants. The Restaurant Group's failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

3.     Plaintiffs and the putative class currently and previously worked as servers/bartenders for the Restaurant Group in Kansas, Missouri and Iowa.

4.     Defendants operate the Restaurant Group as a single integrated enterprise.

5.     Specifically, the Restaurants are engaged in related activities, share common ownership, share registered agents, share common organizers, share employees between the restaurants, and have a common business purpose.

6.     Indeed, The Defendants comprising the Restaurant Group are commonly owned by Whitney VanZant and are part of W. VinZant Restaurants.  *See*, Exhibit A, attached hereto.

https://wvinzantrestaurants.com/

7.      Moreover, the Restaurants are advertised and marketed jointly on the internet.

| | |
|---|---|
| https://www.vabenekc.com/ | https://www.eattacorepublic.com/ |
| https://www.brgrkitchen.com/ | https://www.gramanddun.com/ |
| https://www.freskodsm.com/ | https://www.louieswinedive.com/ |
| https://www.latinkingdsm.com/ | https://www.chickenmarys1942.com/ |

        

8.      This lawsuit is brought as a hybrid collective and class action pursuant to 29 U.S.C. § 216(b) of the FLSA and Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

9.      This court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

10.      This court has personal jurisdiction because the Restaurant Group has been conducting business, and the Plaintiffs were employees working for the restaurants contained in the Restaurant Group within this judicial district.

11.      The venue is proper in this court pursuant to 28 U.S.C. § 1391(b) inasmuch as the restaurants conduct business and have substantial business contacts in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

12.      At all times relevant to this action, the Plaintiffs were employed as servers/bartenders working for the Restaurant Group.

13.      Vinzant operates a restaurant enterprise using the following trade names at the following locations:

a.      Va Bene, which is located at 8232 Mission Road, Prairie Village, Kansas 66208. Upon information and belief, Va Bene is a d/b/a of Viva Italia!, LLC.  Viva Italia!, LLC, is a limited liability company organized under the laws of the state of Kansas.

The registered agent for Va Bene, is Richard E. Ripper, and the registered address is 1875 S. Pyle Street, Kansas City, KS 66103. At all times relevant to this action, Va Bene was authorized to do business and was in fact, doing business in the state of Kansas.

b. BRGR KS, which is a restaurant located at 4434 West 90th Street, Prairie Village, Kansas 66207. Upon information and belief, BRGR is a d/b/a of BRGR PV, LLC. BRGR PV, LLC is a limited liability company organized under the laws of the state of Kansas. The registered agent is Dan Saathoff, and the registered address is 4434 West 90th Street, Prairie Village, Kansas 66207. At all times relevant to this action, BRGR KS was authorized to do business and was in fact, doing business in the state of Kansas.

c. BRGR MO, which is a second BRGR Kitchen + Bar restaurant, is located at 11 East 14th Street, Kansas City, MO 64105. Upon information and belief, BRGR is a d/b/a of BRGR KCMO, LLC. BRGR Kitchen + Bar, is a limited liability company organized under the laws of the state of Missouri. The registered agent for BRGR, is Defendant Vinzant, and the registered address is 11 East 14th Street, Kansas City, MO 64105. At all times relevant to this action, BRGR MO was authorized to do business and was, in fact, doing business in the state of Missouri.

d. Gram & Dun, which is a restaurant located at 600 Ward Parkway, Kansas City, Missouri 64112. Upon information and belief, Gram & Dun is a d/b/a of Gram & Dun KC, LLC. Gram & Dun, is a limited liability company organized under the laws of the state of Missouri. The registered agent for Gram & Dun, is Mr. Richard E. Ripper, and the registered address is 3000 SW Bridlewood Place, Lee's Summit,

Missouri 64081. At all times relevant to this action, Gram & Dun was authorized to do business and was in fact, doing business in the state of Missouri.

e.  Louie's MO, which is a restaurant located at 16 South Beminston Ave, Clayton, MO 63105. Upon information and belief, Louie's MO is a d/b/a of Louie's Wine Dive St. Louis LLC. Louie's MO, is a limited liability company organized under the laws of the state of Missouri. The registered agent for Louie's MO, is Ben Vinzant, and the registered address is 5523 Holmes Street, Kansas City, MO 64110. At all times relevant to this action, Louie's MO was authorized to do business and was in fact, doing business in the state of Missouri.

f.  Louie's IA, which is a restaurant located at 4040 University Ave, Suite A, Des Moines, IA 50311. Upon information and belief, Louie's IA is a d/b/a of Louie's Wine Dive LLC. Louie's IA, is a limited liability company organized under the laws of the state of Iowa. The registered agent for Louie's IA, is Corey Gonzalez, and the registered address is 4040 University Ave, Suite A, Des Moines, IA 50311. At all times relevant to this action, Louie's IA was authorized to do business and was, in fact, doing business in the state of Iowa.

g.  Taco Republic KCK, which is a restaurant located at 500 County Line Road, Kansas City, Kansas 66103. Upon information and belief, Taco Republic KCK is a d/b/a of Taco Vida, LLC. Taco Republic KCK is a limited liability company organized under the laws of the state of Kansas. The registered agent for Taco Republic KCK, is Dan Saathoff, and the registered address is 4434 West 90th Terrace, Prairie Village, KS 66207. At all times relevant to this action, Taco

Republic KCK was authorized to do business and was in fact, doing business in the state of Kansas.

h.  Taco Republic PV, which is a restaurant located at 4100 West 83rd Street, Prairie Village, KS 66208.  Upon information and belief, Taco Republic PV is a d/b/a of Taco Republic Corinth, LLC.  Taco Republic PV is a limited liability company organized under the laws of the state of Kansas. The registered agent for Taco Republic PV, is Dan Saathoff, and the registered address is 4434 West 90th Terrace, Prairie Village, KS 66207. At all times relevant to this action, Taco Republic PV was authorized to do business and was in fact, doing business in the state of Kansas.

i.  The Latin King, which is a restaurant located at 2200 Hubbell Ave, Des Moines, IA 50317.  Upon information and belief, The Latin King is a d/b/a of Latin King Restaurants, LLC.  The Latin King is a limited liability company organized under the laws of the state of Iowa. The registered agent for the Latin King, is Richard Ripper, and the registered address is 2738 NW 155th Ct., Clive, IA 50325. Additionally, the "home office" of the Latin King is listed at 4434 West 90th Ter, Prairie Village, KS 66207.  At all times relevant to this action, the Latin King was authorized to do business and was in fact, doing business in the state of Iowa.

j.  Chicken Mary's, which is a restaurant located at 1133 East 600th Ave, Pittsburg, KS 66762.  Upon information and belief, Chicken Mary's is a d/b/a of Chicken Mary's Restaurants, LLC.  Chicken Mary's is a limited liability company organized under the laws of the state of Kansas. The registered address is 4434 West 90th Ter, Prairie Village, KS 66207.  At all times relevant to this action, the Chicken Mary's was authorized to do business and was in fact, doing business in the state of Kansas.

k.  Fresko, which is a restaurant located at 909 Locust Street, Suite 103, Des Moines, IA 50309.  Upon information and belief, Fresko is a d/b/a of Fresko, LLC.  Fresko is a limited liability company organized under the laws of the state of Iowa. The registered agent for Fresko, is Richard Ripper, and the registered address is 401 South Clairborne, Suite 100, Olathe, KS 66062.  At all times relevant to this action, Fresko was authorized to do business and was in fact, doing business in the state of Iowa.

l.  Brewtop KS, which is a restaurant located at 6601 West 135th Street, Suite A1, Overland Park, KS 66223.  Upon information and belief, Brewtop KS is a d/b/a of Brewtops South KC LLC.  Brewtop KS is a limited liability company organized under the laws of the state of Kansas. The registered agent for Brewtop KS, is Richard Ripper, and the registered address is 401 South Clairborne, Suite 100, Olathe, KS 66062.  At all times relevant to this action, the Brewtop KS was authorized to do business and was in fact, doing business in the state of Kansas.

m.  Brewtop MO, which is a restaurant located at 8614 North Boardwalk Ave, Kansas City, MO 64154.  Upon information and belief, Brewtop MO is a d/b/a of Brewtops North KC LLC.  Brewtop MO is a limited liability company organized under the laws of the state of Kansas. The registered agent for Brewtop MO, is Richard Ripper, and the registered address is 401 South Clairborne, Suite 100, Olathe, KS 66062.  At all times relevant to this action, the Brewtop MO was authorized to do business and was in fact, doing business in the state of Missouri.

n.  Upon information and belief, Brewtops Holdings LLC is a holding company associated with The Restaurant Group.  The registered agent for Brewtops Holdings

LLC, is Richard Ripper, and the registered address is 401 South Clairborne, Suite 100, Olathe, KS 66062. At all times relevant to this action, Brewtops Holdings LLC was authorized to do business and was in fact, doing business in the state of Kansas.

14.    Defendant VinZant is an individual who, upon information and belief, resides in Jackson County, Missouri, and can be served at 830 West 54th Street, Kansas City, MO 64112.

15.    Vinzant is individually liable because, during all times relevant, he:

a.   was an owner of substantial interests in the Restaurant Group;

b.   served as an officer for those entities contained within the Restaurant Group;

c.   held managerial responsibilities and substantial control over the terms and conditions of the putative class;

d.   acted directly or indirectly in the interest of the Restaurant Group with respect to the Plaintiffs and the putative class members;

e.   played an active role in the day-to-day operations of the Restaurant Group;

f.   had the authority to control the daily operations of the Restaurant Group;

g.   had the authority to determine rates and methods of payment, including the responsibility to ensure compliance with the FLSA for employees of the Restaurant Group;

h.   was responsible for the ultimate decisions about hiring and firing employees of the Restaurant Group;

i.   was responsible for maintaining employment records of the employees of the Restaurant Group; and

j.  has been a corporate officer and maintained operational control of the Restaurant Group.

16.    At all times relevant to this action, the Restaurant Group was authorized to do business and were in fact, doing business in Kansas, Missouri and/or Iowa.

17.    Upon information and belief, various Defendants within the Restaurant Group would share employee services; would act in the business interest of another; employees at all locations are not disassociated from one another due to a common control of all the locations by one common entity, W Vinzant Restaurants and one common individual Defendant Vinzant; and all essential terms and conditions of employment are shared or co-determined.

18.    Plaintiff, Maura Healy, worked at Va Bene from approximately January 2021 until August 2021.

19.    Plaintiff John Luongo, worked at Va Bene from the time it opened until approximately April 2021.

20.    Plaintiff, Scott Riggs, worked at Va Bene from approximately March 2020 until approximately September 2020.

21.    Plaintiff, Jessica Coen, worked at Taco Republic KCK and Taco Republic PV from April 2018 until March 2020

22.    Opt-in Plaintiff Stephanie Dilaveri worked at the BRGR MO, BRGR KS and Va Bene until 2022.

23.    At all times relevant to this action, the Restaurants employed the Plaintiffs and all other similarly situated employees and is thus liable to Plaintiffs and all similarly situated as an employer, joint employer, single employer, and/or otherwise, according to statutory and common law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring Count I, the FLSA claim for servers/bartenders, as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and of the following class of persons:

> All servers/bartenders employed by the Restaurant Group within three years of the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been adequately paid overtime compensation at one-and-one-half times the minimum wage for all work performed in excess of 40 hours per week.

25.     Plaintiffs bring Count II (Mo. Rev. Stat. 290.500, *et seq*.) as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class of persons:

> All servers/bartenders working in Missouri, employed by the Restaurant Group within three years of the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been adequately paid overtime compensation at one-and-one-half times the minimum wage for all work performed in excess of 40 hours per week.

26.     Plaintiffs bring Count III (Iowa Code § 91D.1., *et seq*.) as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class of persons:

> All servers/bartenders working in Iowa, employed by the Restaurant Group within three years of the commencement of this action, who have not been paid minimum wage for all hours worked and/or have not been adequately paid overtime compensation at one-and-one-half times the minimum wage for all work performed in excess of 40 hours per week.

27.     The class satisfies the numerosity standards in that the class numbers well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notices posted in the restaurant.

28.     There are questions of fact and law common to the classes that predominate in any questions affecting individual members. The questions of law and fact common to the class arising

from the Restaurant Group's actions include, without limitation, the following:

a. Whether all class members were paid based on the "tip credit."

b. Whether Defendants comprising the restaurant group properly notified tipped employees that they were being paid under the tip credit pursuant to 29 CFR § 531.58.

c. Whether the Defendants comprising the Restaurant Group were entitled to take from class members' tips a credit against minimum wages for some or all of the hours worked by the class members.

d. Whether Defendants comprising the Restaurant Group recorded the amount of time spent performing non-tip-producing activities.

e. Whether Defendants comprising the Restaurant Group knew or had reason to know its policies and compensation practices were unlawful.

f. Whether Defendants comprising the Restaurant Group retained a benefit from such unlawful policies and compensation practices.

g. Whether Defendants comprising the Restaurant Group conduct is and was considered a willful violation of the FLSA.

29. The aforementioned common questions, among others, predominate over any questions affecting individual persons. A class action is proper, as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

30. The Plaintiffs' claims are typical of those of the class in that class members have been paid pursuant to the same compensation structure as the Plaintiffs and were subject to the same or similar unlawful practices.

31. A class action is an appropriate method for the fair and efficient adjudication of this

controversy. The Defendants comprising the Restaurant Group have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for the Defendants comprising the Restaurant Group, and/or substantially impair or impede the ability of class members to protect their interests.

32.     The Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiffs acting as class representatives and by their undersigned counsel, who have experience in employment and class action lawsuits.

33.     Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interests of efficiency and judicial economy.

34.     The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

35.     Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging the Restaurant Group's FLSA violations. The number and identity of other plaintiffs yet to opt-in and to consent to be party plaintiffs may be determined from the records of Defendants comprising the Restaurant Group, and potential class members may easily and quickly be notified of the pendency of this action.

36.    To the extent required by law, notice will be provided to said individuals via first-class mail, electronic mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

### COUNT I - Violation of the Fair Labor Standards Act
**(Brought Against The Restaurant Group by Plaintiffs Individually
and on Behalf of All Others Similarly Situated)**

37.    Plaintiffs realleges the allegations as set forth above.

38.    At all times relevant to this action, the Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

39.    The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

40.    The Defendants comprising the Restaurant Group are subject to the minimum wage and overtime pay requirements of the FLSA because it is an integrated enterprise engaged in interstate commerce, and its employees are engaged in commerce.

41.    At all times relevant to this action, the Restaurant Group has been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42.    At all times relevant to this action, the Restaurant Group has employed and/or continues to employ "employee[s]," including the named Plaintiffs and all similarly situated employees.

43.    At all times relevant to this action, the Restaurant Group had gross operating revenue in excess of $500,000 (Five Hundred Thousand Dollars).

44.    Defendants are, and have been, an "employer" as defined in Mo. Rev. Stat. §290.500(4).

45.    The Plaintiffs were employed by the Restaurant Group. During this time frame, Plaintiffs performed work for Defendants in the position of server/bartender.

46.    During the statutory period, the Plaintiffs were paid an hourly wage ranging from $2.13 and $5.57.

47.    The Restaurant Group employed numerous other servers/bartenders with the same job duties and compensation structure as the Plaintiffs before and during their employment.

48.    Plaintiffs and all similarly situated employees have substantially similar job requirements and pay provisions and are subject to Restaurant Group's common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

49.    The FLSA requires employers to pay all non-exempt employees overtime compensation at a rate of not less than one-and-one-half times the minimum wage for work performed over 40 hours in a workweek.

50.    Plaintiffs and all similarly situated employees are not exempt from the right to receive the federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pays them minimum wage and/or overtime compensation under the FLSA.

51.    At all times relevant to this action, the Restaurant Group had a policy and practice of failing to properly pay minimum wages, and because the Restaurant Group has violated the rules for using the tip credit, including that it requires servers/bartenders to spend more than 20 percent of their time engaged in non-tip-producing activities. The Restaurant Group has also had a policy of not paying for all overtime hours worked.

52.     Additionally, for at least part of the statutory period, upon information and belief, Defendants failed to provide the proper notice, pursuant to 29 C.F.R. § 531.58, to its employees paid under the tip credit that would permit them to take a credit against the federal minimum wage requirements.

53.     The Restaurant Group's failure to properly compensate Plaintiffs and all similarly situated under the tip credit rules and overtime rules constitutes a violation of the FLSA's minimum wage requirements, 29 U.S.C. §201, *et. seq.*

54.     The Restaurant Group's violation of the FLSA is continual in nature in that the Restaurant Group continues to pay its servers/bartenders under the same unlawful policies and procedures set forth in detail herein.

55.     The Restaurant Group's conduct constitutes a willful violation of the FLSA within 29 U.S.C. § 255(a).

56.     The Restaurant Group has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the court find the Restaurant Group did not act willfully in failing to pay overtime pay, the Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

57.     As a result of the violations above of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation have been unlawfully withheld by the Restaurant Group from the Plaintiffs and all similarly situated employees. Accordingly, Plaintiffs and all others similarly situated seek damages in the amount of all respective unpaid

minimum wage and overtime, plus liquidated damages, prejudgment and post-judgment interest, and reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the court deems just and proper.

**WHEREFORE**, Plaintiffs and all similarly situated employees demand judgment against the Restaurant Group and pray this court:

a.     Issue notice to all similarly situated employees of the Restaurant Group informing them of their right to file a consent to join the FLSA portion of this action.

b.     Award Plaintiffs and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b).

c.     Award Plaintiffs and all similarly situated employees prejudgment and post-judgment interest as provided by law.

d.     Award Plaintiffs and all similarly situated employees attorneys' fees and costs as allowed under 29 US.C. § 216(b).

e.     Issue a declaration that the Restaurant Group has violated state and federal laws.

f.     Award Plaintiffs and all similarly situated employees such other relief as the court deems fair and equitable.

## <u>COUNT II</u>
### <u>FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. §290.500, *et. seq.*</u>
### (Brought Against the Restaurant Defendants operating in Missouri by Plaintiffs and on Behalf of All Others Similarly Situated)

58.     Plaintiffs and all those similarly situated incorporate the forgoing paragraphs as fully set forth herein.

59.     Plaintiffs and the putative class were employed by The Restaurant Group and were paid wages below Missouri's minimum wage.

60.    Said work often required Plaintiffs and the putative class to work in excess of forty (40) hours per week.

61.    Plaintiffs and the putative class were not properly compensated for this work at the applicable rate of pay.

62.    Plaintiffs and the putative class were treated as non-exempt employees by The Restaurant Group under the Missouri Wage Statutes.

63.    The Restaurant Group employ/employed other employees at its restaurants who are/were paid below Missouri's minimum wage requirements and were treated as non-exempt employees under the Missouri wage statutes.  All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

64.    These "similarly situated" employees were compensated at a rate between $3.675 and $6.00 per hour in Missouri, regardless of activity and regardless of the fact they regularly spent more than 20 percent of their time performing non-top producing activities.

65.    During the pertinent time periods, the proper rate of pay under Missouri wage law when an employee spends more than 20% of their workday engaged in non-tip-producing activities ranged from $7.35 to $12.00 per hour.

66.    Further, said work often caused "similarly situated" employees to work in excess of forty (40) hours per week.  These "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

67.    The Missouri wage laws require each covered employer, such as The Restaurant Group, to compensate all non-exempt employees for services performed at the proper rate of pay for work performed in excess of forty hours in a work week.

68.     These employees are similarly situated in that they are all subject to The Restaurant Group's identical compensation policies and plan that fail to compensate their full minimum wage for time, including the time they spend engaged in non-tip producing activities that exceed 20 percent of their work.

69.     These employees are also similarly situated in that they are all subject to The Restaurant Group's identical compensation policies and plan that requires them to pool their tips with non-tip earning employees.

70.     This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiffs and the putative class because their claims are similar to the claims of the putative class members.

71.     The names and addresses of the putative class members are available from The Restaurant Group.  The Restaurant Group failed to compensate the Plaintiffs and the putative class members at the proper rate of pay, and therefore, The Restaurant Group has violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. §290.500 *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

72.     The Plaintiffs, on behalf of themselves and all similarly situated employees of The Restaurant Group who compose the putative class, seek damages in the amount of all respective unpaid minimum wage and straight time plus overtime compensation at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the Missouri Minimum Wage Maximum Hours Laws and such other legal and equitable relief as the Court deems just and proper.

73.     The Plaintiffs, on behalf of themselves and all similarly situated employees of The Restaurant Group who compose the putative class, seeks recovery of all attorney fees, costs and

expenses of this action, to be paid by The Restaurant Group, as provided by Mo. Rev. Stat. §290.500 *et. seq.*

**WHEREFORE**, the Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all putative class members (the Missouri Wage Law class), apprising them of the pendency of this action;

b. A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Laws, Mo. Rev. Stat. §290.500 *et. seq.,* and an injunction against the same;

c. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Restaurant Group

d. Costs and expenses of this action incurred herein;

e. Reasonable attorneys' fees and expert fees;

f. Pre-judgment and Post-judgment interest, as provided by law; and

g. Any and all such other and further relief as this Court deems necessary, just and proper.

**<u>COUNT IV</u>**
**<u>FAILURE TO PAY WAGES PURSUANT TO I.C.A. §91D.1, *et. seq.*</u>**
**(Brought Against the Restaurant Defendants operating in Iowa by Plaintiffs and on Behalf of All Others Similarly Situated)**

74.     Plaintiffs and all those similarly situated incorporate the forgoing paragraphs as fully set forth herein.

75.     Plaintiffs and the putative class were employed by The Restaurant Group and were paid wages below Iowa's minimum wage.

76.     Said work often required Plaintiffs and the putative class to work in excess of forty (40) hours per week.

77.     Plaintiffs and the putative class were not properly compensated for this work at the applicable rate of pay.

78.     Plaintiffs and the putative class were treated as non-exempt employees by The Restaurant Group under the Iowa Wage Statutes.

79.     The Restaurant Group employ/employed other employees at its restaurants who are/were paid below Iowa's minimum wage requirements and were treated as non-exempt employees under the Iowa wage statutes.  All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

80.     Pursuant to the Iowa Code §91D.1(1)(b), the Restaurant Group is required to pay its employees the required Iowa minimum wage for each hour worked.

81.     The Restaurant Group had a policy and practice of intentionally failing to pay Plaintiffs and those similarly situated all wages due as set forth in the preceding paragraphs in violation of Iowa Code § 91D.1(1)(b).

82.     Pursuant to Iowa Code § 91D.1(5), minimum wage violations are enforced pursuant to Chapter 91A.

83.     Pursuant to Iowa Code § 91A.1., *et seq.*, and specifically Iowa Code § 91A.8, Defendants are liable to Plaintiffs and those similarly situated for unpaid wages, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

84.     This claim is brought on behalf of Plaintiffs and all other similarly situated individuals pursuant to Federal Rule of Civil Procedure 23.

85.     These "similarly situated" employees were compensated at a "tipped" rate regardless of activity and regardless of the fact they regularly spent more than 20 percent of their time performing non-top producing activities.

86.     During the pertinent time periods, the proper rate of pay under Iowa wage law when an employee spends more than 20% of their workday engaged in non-tip-producing activities ranged from $7.35 to $12.00 per hour.

87.     Further, said work often caused "similarly situated" employees to work in excess of forty (40) hours per week.  These "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

88.     The Iowa wage laws require each covered employer, such as The Restaurant Group, to compensate all non-exempt employees for services performed at the proper rate of pay for work performed in excess of forty hours in a work week.

89.     These employees are similarly situated in that they are all subject to The Restaurant Group's identical compensation policies and plan that fail to compensate their full minimum wage for time, including the time they spend engaged in non-tip producing activities that exceed 20 percent of their work.

90.     These employees are also similarly situated in that they are all subject to The Restaurant Group's identical compensation policies and plan that requires them to pool their tips with non-tip earning employees.

91.    This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiffs and the putative class because their claims are similar to the claims of the putative class members.

92.    The names and addresses of the putative class members are available from The Restaurant Group.  The Restaurant Group failed to compensate the Plaintiffs and the putative class members at the proper rate of pay, and therefore, The Restaurant Group has violated, and continues to violate, Iowa law.

93.    The Plaintiffs, on behalf of themselves and all similarly situated employees of The Restaurant Group who compose the putative class, seek damages in the amount of all respective unpaid minimum wage and straight time plus overtime compensation at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by Iowa law and such other legal and equitable relief as the Court deems just and proper.

94.    Pursuant to Iowa Code § 91A.1., *et seq.*, and specifically Iowa Code § 91A.8, Defendants are liable to Plaintiffs and those similarly situated for unpaid wages, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

h.    Designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all putative class members (the Iowa Wage Law class), apprising them of the pendency of this action;

    i.   A declaratory judgment that the practices complained of herein are unlawful under the Iowa Code §91D.1 *et. seq.,* and an injunction against the same;

    j.   An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the putative class by the Restaurant Group

    k.   Costs and expenses of this action incurred herein;

    l.   Reasonable attorneys' fees and expert fees;

    m.   Pre-judgment and Post-judgment interest, as provided by law; and

    n.   Any and all such other and further relief as this Court deems necessary, just and proper.

## DESIGNATION OF PLACE OF TRIAL

The plaintiffs respectfully request that a trial in this matter be held at the Robert J. Dole Courthouse, 500 State Avenue, Kansas City, Kansas 66101.

**Exhibit A**



HKM EMPLOYMENT ATTORNEYS LLP

/s/ *John J. Ziegelmeyer III*
| | |
|---|---|
| John J. Ziegelmeyer III | KS No. 23003 |
| Brad K. Thoenen | KS No. 24479 |
| Kevin Todd | KS No. 78998 |
| Ethan A. Crockett | KS No. 79069 |

1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
bthoenen@hkm.com
ktodd@hkm.com
ecrockett@hkm.com
www.hkm.com

**The Hodgson Law Firm, LLC**


Michael Hodgson                    KS No. 21331

3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on February 13, 2023, using the Court's CM/ECF system, which will send notification of the same to the counsel of record for all parties by the Court's CM/ECF system.


/s/ John Ziegelmeyer III
*ATTORNEYS FOR THE PLAINTIFFS*